Charles Cleve **BOLYARD**, Appellant,

v.

The **CRYSTAL TISSUE COMPANY**, Appellee.

No. 19108.

United States Court of Appeals
Ninth Circuit.

June 3, 1964.

Lyon & Lyon, Lewis E. Lyon, Charles G. Lyon, Hallack W. Hoag, Los Angeles, Cal., for the appellant.

Fulwider, Patton, Rieber, Lee & Utecht, William K. Rieber, Los Angeles, Cal., Wood, Herron & Evans, Edward B. Evans, Cincinnati, Ohio; for appellee.

Before BARNES and BROWNING, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

This is an appeal from a declaratory judgment holding Letters Patent No. 2,949,398 and No. 3,055,797, granted to appellant, to be invalid and not infringed. They deal with an ornamented paper "constituted by tissue paper which is impregnated" with sequins.

Jurisdiction below rested on 28 U.S.C. §§ 1338 and 2201. Jurisdiction here rests upon 28 U.S.C. § 1291.

The trial judge made the following findings, among others:

"There is nothing novel in the subject matter of product patent No. 2,949,398 or in the subject matter of process patent No. 3,055,797, in view of prior art referred to in Findings Nos. 14 to 19." (Findings 20 and 22, Tr. p. 483.)

"If there are any differences between the subject matter of product patent No. 2,949,398 and process patent No. 3,055,797, and the prior art referred to in Findings Nos. 14 to 19, those differences would have been obvious at the time the invention was made to a person having an ordinary skill in the paper making art." (Findings 21 and 23, Tr. p. 483.)

Findings 14 to 19 related to:

(a) Beck patent No. 322,034 (1885)

(b) McDonough patent No. 447,336 (1891)

(c) Beck patent No. 342,315 (1886)

(d) "Other prior patents cumulative in effect" (presumably Plee's British patent No. 2649 and Boese's patent No. 2,620,853)

(e) Strathmore Paper Company's products "Silverflake" and "Goldflake" (1934)

(f) International Paper Company's product "Coronation" (1944–1945)

Based on these findings of fact, the court concluded that each patent "has failed to meet the requirements of 35 U.S.C. § 102 [prior art] and 35 U.S.C. § 103 [obviousness] and are invalid."

We cannot, on the record before us, hold these findings of fact are clearly erroneous, having due regard for the opportunity the trial judge had to judge the credibility of witnesses, which opportunity was not afforded us. Fed.R.Civ.P. 52 (a). Monroe Auto Equipment Co. v. Superior Industries, 9 Cir. 1964, 332 F.2d 473, (No. 18998, decided May 22, 1964); Bergman v. Aluminum Lock Shingle Corp. of America, 9 Cir. 1957, 251 F.2d 801, 809; Pressteel Co. v. Halo Lighting Products, Inc., 9 Cir. 1963, 314 F.2d 695, 697, and cases cited.

The decision of Judge Rich, sitting with the District Court of the District of Columbia, is not conclusive on the court below, nor on us, particularly where the same evidence introduced in the court below was not necessarily introduced before Judge Rich.

Finding no error, we affirm.